**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASON ANDREW THOMISON,

Petitioner-Appellant,

v.

RON WARD, Warden,

Respondent-Appellee.

No. 06-7039

(E.D. of Okla.)

(D.C. No. CV-03-097-S)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **TYMKOVICH,** and, **EBEL,** Circuit Judges.[**]

Jason Andrew Thomison, an Oklahoma state prisoner, requests a Certificate of Appealability (COA) following the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254. Since Thomison appears *pro se*, we construe his pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). The district court, upon recommendation of the magistrate judge, held

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

that a COA should not issue because Thomison failed to make a substantial showing of the denial of a constitutional right. We agree, and accordingly, DENY the request for a COA and DISMISS the appeal.

## I. Background

A jury convicted Thomison in Oklahoma state court of illegal drug trafficking. After exhausting his state court remedies, he petitioned for a writ of habeas corpus in federal court in the Eastern District of Oklahoma. He claimed the following grounds for relief: (1) insufficient evidence to support his conviction; (2) evidence obtained in violation of the Fourth Amendment's search and seizure clause; (3) prosecutorial misconduct; (4) ineffective assistance of trial and appellate counsel; (5) denial of access to state court records and an evidentiary hearing; and (6) state court failure to consider his post-conviction claims.

In a detailed recommendation to the district court, the magistrate judge addressed each of these claims. Finding no merit, the magistrate judge recommended dismissal of the petition. The district court adopted the magistrate judge's recommendation in full, dismissed the petition, and denied a COA.

## II. Analysis

A circuit court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court "has rejected the constitutional claims on the merits," an applicant meets this standard by "demonstrat[ing] that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In conducting our analysis, we are limited to "an overview of the claims in the . . . petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 336.

After reviewing the merits of Thomison's claims, we agree with the district court that Thomison has failed to make a substantial showing of the denial of a constitutional right: (1) the evidence was more than sufficient to support Thomison's conviction—Thomison possessed methamphetamine on his body, and police discovered another bag of methamphetamine in the car as well as a black duffel bag containing jars of "meth oil" in the trunk; (2) habeas relief for an alleged illegal search and seizure is not warranted where the State has already provided a full and fair opportunity for review of that claim, *see Stone v. Powell*, 428 U.S. 465, 494 (1976); (3) any prosecutorial misconduct did not infect the trial so as to deny due process, *see Darden v. Wainwright*, 477 U.S. 168, 181 (1986); (4) trial and appellate counsel's performance satisfied the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984); and (5) habeas relief is not warranted where a petitioner is merely attacking the state court's handling of his state post-conviction proceedings, *see United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006). In short, we find nothing to suggest that the district court's assessment of Thomison's constitutional claims is debatable or wrong.

### III. Conclusion

Accordingly, for the same reasons articulated by the lower court below, we DENY Thomison's application for a COA and DISMISS this appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge